IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HUMPHRIES, JERMAIN DUTRIELLE, NATHAN HACK and JASON WATSON, | ) ) ) | Civil Action No. 09 - 1211 |
| Plaintiff, | ) ) | District Judge Nora Barry Fischer Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| EDWARD G. RENDELL and THOMAS CORBETT, | ) ) ) | |
| Defendants. | ) | |

AND

| | | |
|---|---|---|
| JOHN HUMPHRIES, JERMAIN DUTRIELLE, NATHAN HACK and JASON WATSON, | ) ) ) | Civil Action No. 09 - 1325 |
| Plaintiff, | ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| EDWARD G. RENDELL and THOMAS CORBETT, | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this action be dismissed under 28 U.S.C. § 1915(e) and/or 1915A for failure to state a claim upon which relief may be granted under 42 U.S.C. §1983.

### II. REPORT

Plaintiffs filed the present action seeking to assert a class action suit against Governor Edward Rendell and Attorney General Thomas Corbett for enforcing and upholding inoperative laws

which have resulted in their incarceration under various criminal statutes. For the reasons that follow, this action must be dismissed.

### A. Standard of Review

This Court must review Plaintiffs' Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs are considered a "prisoners" as that term is defined under the PLRA.[1]

---

1. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

Defendants are officers or employees of governmental entities. In addition, Plaintiff Humphries has been granted leave to proceed in forma pauperis (doc. no. 2). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).[3]

### B. Plaintiff's Ability to Proceed as a Class Action

As stated above, Plaintiffs purport to assert a class action lawsuit. It is clear that *pro se* Plaintiffs cannot adequately represent a proposed class. Such certification requires that the named plaintiff prove that he has met the requirements of numerosity, commonality, typicality, and adequacy

---

2. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

3. This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because it would be futile to allow Plaintiffs to amend, this Court is recommending that the action be dismissed.

of representation, Fed.R.Civ.P. 23. A class action can be maintained only if the representative parties will fairly and adequately protect the interests of the class, Fed.R.Civ.P. 23(a)(4), but, in this case, none of the plaintiffs is able to satisfy the adequacy of representation factor because none has sufficient legal education. *See* Krebs v. Rutgers, 797 F.Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education). In fact, pro se plaintiffs are not favored as representative parties in a class action as they generally cannot represent and protect the interests of the class fairly and adequately. Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J.1992), *aff'd*, 995 F.2d 216 (3d Cir.1993) (table decision) (stating that [e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action); Cahn v. United States, 269 F.Supp.2d 537, 547 (D.N.J.1992); Whalen v. Wiley, No. 06-809, 2007 WL 433340 *2 (D. Col. Feb. 1, 2007) (finding that it is plain error to permit a *pro se* inmate litigant to represent fellow inmates). Thus, Plaintiffs may not maintain a class action.

### C. Plaintiffs' Claims and Liability under 42 U.S.C. § 1983

In the Complaint, Plaintiffs complain that Defendants unlawfully prosecuted them under unlawful criminal laws. Resolution of this claim is dictated by the teachings of the United States Supreme Court as stated in Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that

"when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*, 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal

>   judgment against the plaintiff, the action should be allowed to proceed,
>   in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

In order to succeed on the claim in the instant Complaint, this Court necessarily must conclude that Plaintiffs' criminal convictions are unlawful because they were based on unlawful laws. To the extent that Plaintiffs are serving any portion of their sentence and are seeking immediate release from prison because of Defendants' actions, they are precluded from seeking such relief through a civil rights complaint because, under Preiser, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiffs are seeking monetary damages for the length of time he has been "unlawfully incarcerated," they are precluded from seeking such relief under the Supreme Court's pronouncement in Heck because a judgment in his favor necessarily would implicate the validity of his conviction. As such, Plaintiffs" section 1983 claim is not cognizable. Heck, 512 U.S. at 486 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). *See also* Mitchell v. Department of Corrections, 272 F.Supp.2d 464, 473 (M. D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

Here, Plaintiffs have not demonstrated that they successfully have challenged their convictions. Accordingly, they cannot pursue any claim that Defendants violated their constitutional rights in this civil rights action until they can show that their convictions are legally invalidated on constitutional grounds through a writ of habeas corpus or other available means. *Accord* Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of Heck), *cert. denied*, 532 U.S. 971 (2001).

### III. CONCLUSION

It is respectfully recommended that this action be dismissed under 28 U.S.C. § 1915(e) and/or 1915A for failure to state a claim upon which relief may be granted under 42 U.S.C. §1983.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: February 1, 2010

cc:    John Humphries

HL - 2613
PO Box 99991
Pittsburgh, PA  15233

Jermain Dutrielle
CG 6709
P.O. Box 99991
Pittsburgh, PA 15233

Nathan Hack
GJ 1127
P.O. Box 99991
Pittsburgh, PA 15233

Jason Watson
EF 4593
P.O. Box 99991
Pittsburgh, PA 15233